IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN KING; | ) | |
| | ) | |
|    Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY TRIAL DEMAND |
| CHL, INC.; and | ) | |
| HOA KEVIN TRAN; | ) | |
| | ) | COLLECTIVE ACTION |
|    Defendants | ) | |

Plaintiff Kevin King, through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Kevin King is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana.

2. Defendant CHL, Inc., is a Louisiana corporation with its principal place of business located at 2138 Stumpf Blvd., Unit #1, Gretna, Louisiana.

3. Defendant Hoa Kevin Tran, is the owner and President of CHL, Inc., and manages and supervises the corporation on a day to day basis. Defendant Tran resides in Jefferson Parish, Louisiana.

4. Defendants do business under the trade name of CHL Linens.

**JURISDICTION AND VENUE**

5. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Both Defendants reside within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this

Court. 28 U.S.C. § 1391.

7. Defendants are engaged in commerce pursuant to 29 U.S.C. § 206(s).

8. While Plaintiff was primarily based in South Louisiana, he also travelled to work with Defendants at several out of state events, including events in California and Texas.

9. Defendants' annual volume of sales made and business done has exceeded $500,000 for each year during the relevant time period.

10. Defendants have a common business purpose and exercise unified operation and common control. They therefore qualify as an enterprise pursuant to 29 U.S.C. § 203(r).

11. Defendant Tran is the President of CHL, Inc. and acts, or has the power to act, on behalf of the corporation.

12. Tran exercises close supervisory authority over Plaintiff and Defendants' other employees on a day-to-day basis.

13. Tran personally decides each employee's individual rate of pay, including Plaintiff's rate of pay.

14. Tran also sets company-wide pay practices and policies.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendants from 2005 until March 2017.

16. Defendants offer event planning and rental services. They rent, set up, and remove tents, furniture, linen, and other accessories for events such as outdoor festivals, parties, and weddings.

17. Plaintiff's job duties included loading equipment into trucks at the warehouse, delivering them to the event site, setting up the event, and tearing them down after the event was concluded. Plaintiff also sometimes provided security services during the events.

18. Defendants' business is highly seasonal in nature. During the busy season, Plaintiff sometimes worked more than 100 hours in a single workweek.

19. Plaintiff was paid an hourly rate of $8.50 per hour for all hours worked, without any overtime premiums for working more than 40 hours in a workweek.

20. It was Defendants' stated policy not to pay overtime rate for hours worked beyond 40 in a workweek. Plaintiff, along with other CHL employees, regularly worked more than 40 hours in a workweek, but would only be paid his standard hourly rate for those hours.

21. Defendant provided Plaintiff with an IRS Form 1099 rather than a W-2.

22. At no point did Plaintiff operate as an independent economic entity. Defendants set the hours and dates of work, told Plaintiff where to work, provided all vehicles, equipment, and tools, and closely controlled Plaintiff's daily tasks and responsibilities.

23. Plaintiff was required to clock in and out using an electronic passcard, which tracked his daily working hours.

24. Defendant Tran has unilaterally reduced hours from the electronic timesheets of Plaintiff and other CHL employees, for no discernable reason.

25. Plaintiff sometimes noticed that hours were missing from his pay. When he raised this concern to Tran, Tran claimed that he was "making sure that you were paying attention."

26. If Plaintiff, or any other employee, arrived even one minute late for work, Defendants would dock him 15 to 30 minutes of pay.

27. Plaintiff and other CHL employees have repeatedly complained about Defendants' failure to pay overtime to Tran. Tran responded that it is not CHL policy to pay overtime premiums.

28. Plaintiff is African-American.

29. Tran is Asian-American.

30. Asian-American employees at CHL are placed on payroll, treated as W-2 employees, and are otherwise entitled to more favorable workplace terms and conditions as compared to African-American employees.

31. Specifically, Asian-American employees are paid more than African-American employees, even if they perform the same job duties.

32. On April 18, 2017, Plaintiff mailed Defendants a written notice of discrimination pursuant to La. Rev. Stat. § 23:303. If the parties are unable to resolve this dispute within the thirty day period set forth in that statute, Plaintiff will seek leave to amend this Complaint to allege violation of the Louisiana Employment Discrimination Law on behalf of himself and all other African-American employees of CHL, Inc. or Defendant Tran.

## **COLLECTIVE ACTION CLAIMS**

33. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Defendants within three years prior to the date of filing this lawsuit.

34. Like Plaintiff, Defendants' other employees were likewise expected to, and did, work more than 40 hours per week without overtime pay.

35. Like Plaintiff, Defendants' other employees were improperly paid via IRS Form 1099 rather than as W-2 employees.

36. The FLSA collective is defined as:

> All individuals employed by CHL, Inc. or Hoa Kevin Tran at any time between April 19, 2014 to the date of judgment in this action, who were not compensated at one and one-half times their regular hourly rate for work performed in excess of forty (40) hours a workweek.

37. Defendants' failure to pay statutorily mandated overtime pay to the members of the collective constitutes a common practice, policy, or plan to deny overtime in violation of the FLSA.

38. Plaintiff is similarly situated to the remaining members of the collective, who have all been denied overtime premiums despite working more than 40 hours in a week.

39. Plaintiff requests that, at the soonest practicable time, the Court order that notice be

given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (29 U.S.C. § 207)

40. Plaintiff hereby realleges and reincorporates paragraphs 1-39.

41. The FLSA requires that employers pay nonexempt employees an overtime premium, at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

42. Defendants have never paid Plaintiff overtime premiums for hours worked over forty in a workweek.

43. Defendants have never paid the remaining members of the collective an overtime premium for hours worked over forty in a workweek.

44. It is Defendants' stated policy not to pay overtime premiums, and instead to pay employees the same regular hourly rate for all hours worked during the workweek.

45. Defendants had actual and constructive knowledge that Plaintiff and the remaining members of the collective were regularly working more than 40 hours in a week.

46. Defendants have improperly deducted time from the timesheets of Plaintiff and the other members of the collective, and thereby failed to pay for all hours worked.

47. Defendants' nonpayment of overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

48. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, Plaintiff and the members of the collective respectfully pray for judgment as follows:

    a. That this case be allowed to proceed as a collective action;

    b. For an award of all unpaid wages and overtime according to proof;

c.  For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

d.  For an award of reasonable attorney's fees;

e.  For costs of suit;

f.  For injunctive and equitable relief as provided by law;

g.  For pre and post-judgment interest; and

h.  For such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
6557 West End Blvd.
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com